UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>LORI MODICA, RICHARD MACHADO, KAREN COLLINS aka KAREN PHIPPS, and MARISSA MITCHELL,<br>    Defendants. | C.A. No. 1:21-cv-004-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiff, United Property & Casualty Insurance Company ("UPC") filed this action for declaratory judgement pursuant to 28 U.S.C § 2201(a), seeking declaratory relief concerning the parties' rights and responsibilities under a homeowners insurance policy issued by UPC to Defendants Richard Machado and Karen Phipps. Defendant Lori Modica has sued Mr. Machado and Ms. Phipps in state court, after suffering injuries while riding a horse on Mr. Machado and Ms. Phipp's property. Ms. Modica asks this Court to stay this case during the pendency of the underlying state court action. For the reasons discussed below, the Court GRANTS Ms. Modica's motion.

I.  **BACKGROUND**

UPC issued a homeowners insurance policy ("Policy") to Mr. Machado and Ms. Phipps for a property in North Scituate, Rhode Island. ECF No. 18 at 2. Mr. Machado

and Ms. Phipps allowed two horses to be brought and kept in a barn on their property. *Id.* at 1. They were the only residents of the property. *Id.* Soon after, Ms. Modica tried to ride one of the horses and sustained serious injuries. *Id.* She then filed a claim with UPC, and eventually a lawsuit against Mr. Machado and Ms. Phipps. *Id.* at 1-2. One count against Mr. Machado remains, which alleges negligence for his failure to secure the reins of the horse that contributed to Ms. Modica falling from the animal. ECF No. 17-1 at 2.

The Policy UPC issued to Mr. Machado and Ms. Phipps includes a "FARMING AND AGRICULTURAL ACTIVITIES EXCLUSION ENDORSEMENT" ("Policy Exemption"). ECF No. 18 at 1. It reads:

> "This insurance will not provide coverage or payments for indemnity or defense or expense costs under any part of the policy for any occurrence or loss arising wholly or in part out of or in connection with any: *** (e) Horses, cattle, or other farm animals owned by or in the care, custody, or control of any Insured."

Ms. Modica testified in the state court case that her husband fed the horses and Mr. Machado cared for the horses on the weekend. *Id.* at 2. However, Mr. Machado testified that he did not consider the horses in his care or within his control. He believed Ms. Modica and her husband were responsible for the horses, because both he and Ms. Phipps, the Policy owners, were long haul truckers away six of seven days a week on the road together. ECF No. 17-1 at 2.

## II.   STANDARD OF REVIEW

District courts possess the discretion to determine whether and when to entertain an action under the Declaratory Judgement Act, even when the suit

otherwise satisfies subject matter jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). The Supreme Court has set forth the following factors for deciding whether to hear a claim for declaratory judgement. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-84 (1995).

(1) Whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceedings;

(2) whether necessary parties have been joined;

(3) whether all necessary parties are amenable to process in the state proceeding; and

(4) the virtue of avoiding "uneconomical" or "vexatious" proceedings and "gratuitous interference" by a federal court with an orderly and comprehensive suit in state court, presenting the same issues, not governed by federal law between the same parties. *Id.*

## III. DISCUSSION

### A. Whether the Claims of All Parties in Interest Can Be Adjudicated Satisfactorily in the State Proceeding

The Rhode Island Superior Court has jurisdiction to hear UPC's Declaratory Judgement action. Sustaining UPC's declaratory action requires a fact finder to determine whether Mr. Machado "cared for, was in custody, or controlled" the horse that injured Ms. Modica. A finding that Mr. Machado cared for or controlled the horse would demand that the Policy exemption apply, thus exempting UPC from liability. This issue is controlled solely by state law and is the basis for Ms. Modica's underlying state court action that is pending in the state court. ECF No. 18 at 6-7. The state

3

court judge is already familiar with the facts and is in the best position to consider whether the Policy exclusion applies.

The Court finds that the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding because the Rhode Island Superior Court has jurisdiction to hear UPC's declaratory judgement action once the issues in Ms. Modica's state claim are resolved.

### B. Whether the Necessary Parties Have Been Joined

Both the underlying state tort action and the federal declaratory judgement action involve Ms. Modica, Mr. Machado, and Ms. Phipps. Although UPC was not a named party in the state tort action, the First Circuit has found parallel proceedings even when the parties and issues were not identical. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 533, 536 (1st Cir. 1991). The U.S. District Court in Rhode Island has stayed an insurer's federal declaratory action even though the insurer was not a party in the underlying state court proceeding because the insurer "is an indirect participant in the underlying litigation and has the option of raising any coverage questions in state court pursuant to the Rhode Island Declaratory Judgement Act. R.I. Gen. Laws § 9-30-1." *Aetna Casualty & Sur. Co. v. Kelly*, 889 F. Supp. 535, 540 (D.R.I. 1995).

The Court finds that UPC is an indirect participant in the underlying state tort action because UPC is the insurer for Mr. Machado and Ms. Phipps' property. Therefore, the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding.

### C. Whether All Necessary Parties are Amenable to Process in the State Proceeding

All parties are amenable to process in the state proceeding. Ms. Modica, Mr. Machado, and Ms. Phipps are all domiciled in Rhode Island and are amenable to process in the Rhode Island state court proceeding. *Miliken v. Meyer*, 311 U.S. 457, 463-64 (1940). UPC is a Florida Corporation whose website lists Rhode Island as a targeted state for which it writes homeowners policies, and who wrote the homeowners Policy for the Rhode Island property central to this dispute. They are amenable to process in the state proceeding without a denial of due process. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223-24 (1957).

The Court finds that all necessary parties are amenable to process in the state proceeding.

### D. Avoiding Uneconomical or Vexatious Proceedings by a Federal Court with an Orderly and Comprehensive Suit in State Court, Presenting the Same Issues, Not Governed by Federal Law Between the Same Parties

There is an underlying tort action pending in the Rhode Island Superior Court where the state court judge, who is already familiar with the facts at issue, could consider whether the Policy exclusion applies. Allowing this declaratory judgement action to proceed would create duplicitous litigation because the factual questions about the Policy exclusion, regarding whether Mr. Machado was in the "care, custody, or control" of the horse that injured Ms. Modica, would be litigated both in the underlying state tort action and the federal declaratory judgement action. *Traveler Cas. & Sur. Co. v. Boston Gas Co.*, 76 F. Supp. 2d 59, 67-68 (D. Mass. 1999). Moreover, the underlying action involves solely state claims. Because no federal issues are

5

present, it would be inefficient for the two actions to be heard separately in two different courts. *Flectat Ltd. v. KASL Seabreeze, LLC*, 257 F. Supp. 3d 152, 158 (D. Mass. 2017). In sum, the state court judge will have a better understanding of the facts and will be in a better position to consider both the Policy exclusion and the underlying tort action.

The Court finds that it would be most efficient for the state court judge to hear both actions, rather than having this Court hear the declaratory judgement action and the state court hear the underlying tort action. *Haley & Aldrich, Inc. v. Specialty Tech. Consultants, Inc.*, 158 F. Supp. 3d 16, 19 (D. Mass. 2016).

The Court GRANTS Defendants' Motion to Stay. ECF No. 17.[1]

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 9, 2021

---

[1] UPC also moved under Federal Rule of Civil Procedure 16 for a conference in this matter. The Court DENIES as moot Plaintiff's First Motion for a Rule 16 Conference. ECF No. 19.